UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-CR-00138-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **TIMOTHY MACKEY,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on a letter from defendant in which he claims that the Court erred in imposing the 105-month sentence in this matter in 2013. He contends either that the Court erred in imposing a two-level enhancement to his base offence level for obstruction or that his Plea was unknowing in that it was represented to him at the time of sentencing that there would be no enhancements. Defendant asks that the Court summarily reduce his sentence.

Defendant is advised that the Court is without authority to summarily grant the relief requested in his letter. If he is claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that this Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, he may move this Court to vacate, set aside or correct the sentence. 28 U.S.C. § 2255(a). To accomplish this, he will need to complete and file a Motion to Vacate, Set Aside or Correct the Sentence on the form which accompanies this Order.

Defendant is advised in advance that any such filing at this point will likely be untimely as it has been more than one year since the Judgment became final. Defendant should consider that

1

the law imposes a one-year statute of limitations on the right to bring a motion pursuant to §2255. This one-year period begins to run at the latest of: (1) the date on which the judgment of conviction became final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed; (3), if movant was prevented from making a motion by such governmental action; (4) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (5) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Defendant is advised to pay close attention to the provision in the form that requires him to explain why he did not file a Section 2255 action within one year of the Judgment becoming final.

**ORDER**

**IT IS, THEREFORE, ORDERED** that to the extent defendant seeks summary relief in his letter (#67), such relief is **DENIED** without prejudice.

The Clerk of Court is instructed to include a copy of the form Motion to Vacate, Set Aside or Correct the Sentence in its mailing of this Order to defendant.

Signed: November 16, 2018

Max O. Cogburn Jr
United States District Judge